DOMENGEAUX, Judge.
This is an open account suit for the recovery of hazard insurance premiums. Luther Long leased his nightclub to Robert Hemby and the written lease agreement between them contained a proviso that Hemby would be responsible for all fire and hazard insurance premiums. Such protective insurance was issued through the Simpson-Scott-Gahagan Ltd. agency. Because of partial nonpayment of specific premiums on policies issued from November 4, 1969, through June 30, 1971, suit was filed against Long by Natchitoches Collections, Inc., assignee of the unpaid account. Long answered via general denial, and alternatively third partied Hemby, on the ground that Hemby was responsible for the debt. Hemby filed an exception of Res Judicata on the basis that a previous suit for the same bills by Long against him was voluntarily dismissed with prejudice by all parties, and said suit was founded on the same cause of action as the present suit. The trial court overruled the exception, concluding that the claim in the first suit was different than in the instant suit. Finally, in his answer Hemby alleged the affirmative defense of equitable estoppel.
After trial on the merits, judgment was granted in favor of Natchitoches Collections, Inc., against Long, and on the third *792 party claim judgment was granted in favor of Long against Hemby. Hemby appeals the latter judgment against him to this court.
In ruling on the exception of Res Judicata filed by third party defendant Hemby, the trial judge stated:
Exceptor, Robert Hemby, has filed a plea of res-judicata to the Third Party petition and demands of the original defendant, Luther Long.
In order for such a plea to have merit the Louisiana Civil Code Article 2286 requires:
1. The thing demanded must be the same
2. The demand must be founded on the same cause of action
3. The demand must be between the same parties, and
4. Formed by them against each other in the same quality.
Suit No. 37,091[1] has as the plaintiff, Luther Long and the defendant, Robert Hemby. This meets the requirement No. 3. The only item in suit No. 37,091 that is similar to those set forth in suit No. 38,191 [2] is the sum of $44.00. The date in suit No. 37,091 is August 8, 1969 and the date in suit No. 38,191 is August 11, 1969. The amount may because of a coincidence be the same. All other dates and amounts are different . The rights being sought under the third party demand are different from those in the first suit.
This being evident the plea of res-judicata is overruled.
On the question of equitable estop-pal the trial judge concluded that third party defendant Hemby failed to show that Long did anything to preclude him from asserting his third party claim against Hemby.
We have carefully reviewed the evidence in this appealed case, as well as the pleadings and order of dismissal with prejudice of the first cáse referred to herein. We find no manifest error on the part of the trial court. Accordingly, the judgment appealed is affirmed.
Costs of this appeal are assessed against third party defendant and appellant, Robert Hemby.
Affirmed.

. This was the first suit referred to supra.

. This is the suit from which this appeal emanates.